## SUPREME COURT OF JUDICATURE

OF THE

## STATE OF VERMONT.

———

### BENNINGTON COUNTY, FEBRUARY TERM,
### A. D. 1802.

———

*JONATHAN ROBINSON*, Chief Judge.
*ROYALL TYLER*, } *Assistant Judges.*
*STEPHEN JACOB*, }

———※ ⊕ ※———

### WILLIAM HALL, Appellee,
*against*
### RICHARD BROWN, Appellant.

APPEAL from a Freehold Court.

The complaint was made to *Samuel Safford*, Judge of the County Court, and *Josiah Wright*, Justice of the Peace, and charged *Brown*, that on the 10th day of *April*, 1801, *vi et armis* and with strong hand, he entered into possession of the complainant's land in *Pownal*, (butted and bounded,) which land the complainant averred he had lawfully and peaceably possessed for more than three years before the

*Upon a complaint brought upon the second section of the act to prevent forcible entry and detainer, it is necessary that the magistrate issuing the process should enter on the complaint a minute of the time of its exhibition.*

forcible entry of the defendant, who with like force and strong hand continued to hold said land, and to keep out the complainant, by reason of which unlawful and forcible entry and detainer, the complainant was damaged 1,000 dollars, and to recover possession of the land, with costs, he-brought suit. *The process was by summons*, and the defendant was found guilty by the inquest, and appealed to this Court.

And now at this term, the defendant filed the following motion:

*William Hall*, Appellee,
v.                    } Supreme Court, &c.
*Richard Brown*, Appellant.

The defendant here moves the Honourable Court, that said cause be no longer prosecuted against him, because he says, that the magistrate or magistrates, signing the original writ in said action, did not, at the time of the exhibition of said complaint, make a minute in writing, under their official signature, on the complaint of the plaintiff, of the true day, month and year when the same was exhibited to or signed by said magistrate or magistrates, agreeably to the statute in such case made and provided: wherefore the defendant prays here to be dismissed, with his costs.  By

*D. Fay.*

*Fay*, in support of the motion, read the 5th section of the act for the limitation of suits on penal statutes, criminal prosecutions, and actions at law. That when any bill, *complaint*, information, or indictment, shall

*Vermont Stat. vol. 2. p. 407. passed November 6, 1797.*

be exhibited, or any action or suit brought or commenced in any of the cases mentioned in the preceding sections of this act; the clerk of the Court, or magistrate to whom such bill, complaint, information or indictment, shall be exhibited, or who shall sign the original writ in such action or suit brought or commenced as aforesaid, shall, at the time of exhibiting or signing as aforesaid, make a minute in writing under his official signature, on such bill, complaint, information, indictment, or original writ, of the true day, month, and year, when the same was so exhibited or signed; and every bill, complaint, information, indictment, or original writ, on which a minute of the day, month, and year shall not be made as aforesaid, shall be *void*.

He then insisted, that there appearing to be no such minute made by the magistrate in writing, under his official signature, upon this complaint, the whole must be dismissed as a *void* process.

*Langdon, e contra.* We contend, that this is not one of those complaints upon which such minute is required to be made.

The 5th section of the statute of limitations directs, that such minute shall be made, not in all cases indiscriminately, but " in any of the cases mentioned in the *preceding sections* of this act." This leads to an examination of the preceding sections. If the present complaint is within the purview of the 5th section, it must be mentioned in those preceding.

The *first section* relates merely to actions *qui tam*.

The second is merely a proviso to the first, and takes out of it such special limitations of *qui tam* actions as may have been made by particular statutes.

The third section enacts, that all actions, suits, bills, complaints, informations or indictments, which at any time hereafter shall be brought, had, commenced, or prosecuted *for any crime or misdemeanor*, (theft, robbery, burglary, forgery, arson, and murder, excepted,) shall be brought, had, commenced, or prosecuted within three years next after the offence was committed, or shall be committed, and not after the expiration of the said three years; and all actions, suits, bills, complaints, informations, and indictments, which shall be brought, had, commenced, and prosecuted, for theft, robbery, burglary, and forgery, shall be brought, had, commenced, and prosecuted within six years next after the commission of the offence, and not afterwards; and if any action, suit, bill, complaint, information, or indictment, for any crime or misdemeanor, (except arson and murder,) shall be brought, had, commenced, or prosecuted, after the time hereby limited, that then the same shall be void and of no effect; any law, usage, or custom to the contrary notwithstanding.

To be included in any possible way within these preceding sections, this complaint must be within the 3d section, for *a crime or misdemeanor*. It appears, by inspection, to have been for neither. It is a mere civil process; a summary action of ejectment, to regain possession of land from which the plaintiff has been ousted. The prayer and the object of the complaint is, not to punish the defendant, but merely to recover actual possession of the land, " and to recover possession of the land with costs, the plaintiff or complainant says he brings suit." The magistrates so considered it. The *process is by* SUMMONS, which

Hall
v.
Brown.

Bl Com vol. 3.
p. 279 English
and Tucker's
editions

Bl. Com. vol. 4.
p.289. Eng. and
Tuck. edit.

implies a *civil* process. Judge *Blackstone* defines a summons as a notice given upon all real *præ-cipes*, and also upon all personal writs for injuries *not against the peace*. The proper process for a crime or misdemeanor is a warrant, which is thus defined by the same accurate and luminous author : " An arrest by warrant is the apprehending or restraining one's person, in order to be forthcoming to answer an alleged or suspected crime." In our practice, to speak of a summons to answer for a crime, would be a professional solecism. We therefore conceive, that the statute does not require that a minute of the time of exhibition of a complaint, like the one now in question, should be made upon it, and therefore trust that the Court will dismiss the motion.

*Fay.* It is objected to our motion, that the complaint in question is not within the purview of the 5th section of the statute of limitations. This section refers to preceding sections, and it is conceded, that t is included in the *third,* if the complaint charges the defendant with *a crime.* Has he not so charged the defendant ? Shall the privately taking a few cents from me be considered as a crime, and shall it not be held criminal with force and strong hand to oust me of my domicile, and, what may be far more injurious in this land of farmers, to violently thrust me out of possession of my land, of my farm upon which I depend for bread, fuel, and clothing for my family ? Surely he who takes my purse, in comparison with this injury " steals trash."

Our *English* ancestors considered forcible entry and detainer as a crime. It was always so considered by the common law. By the statute of the 5th

Stat. 1. c. 8.

of *Richard* II. passed so early as the year 1382, " forcible entries are punished with imprisonment and ransom at the King's will;" and by the several statutes of 15 *Rich*. II. c. 2. 8 *Hen*. VI. c. 9. 31 *Eliz*. c. 11. and 21 *James* I. c. 15. " upon any forcible entry or forcible detainer, after peaceable entry upon any lands or benefices of the church, one or more justices of the peace, taking sufficient power of the county, may go to the place, and there record the force upon his own view, as in case of riot, and upon such conviction may commit the offender to gaol till e makes *fine* and ransom to the King; and moreover the Justice or Justices have power to summon a Jury to try the forcible entry or detainer complained of; and if the same be found by that Jury, then, besides the *fine* on the offender, the Justices shall make restitution by the sheriff, of the possession, without inquiring into the merits of the title; for the force is the only thing to be tried, *punished*, and remedied by them."

*Bl. Com.* vol. 4. 147. *Eng.* and *Tuck.* edit.

The several provisions of these statutes, so far as applicable to our state of society, are embodied into our statute against forcible entry and detainer, passed 27th *February*, 1797.

*Vermont* Stat. vol. 1. p. 216.

Our statute distinguishes between forcible entry and detainer, and detainer without force; between that which shall be esteemed criminal, and that which shall be considered a mere civil injury. It gives the remedy of restitution in both cases, but annexes a fine and imprisonment to enforce the payment of it only to the former.

The second section gives power to two Justices of the Peace, one of whom shall be a Judge of the County Court, to inquire by a Jury, as is therein

Hall
v.
Brown.

after directed, referring to section 3. as well against those who make unlawful and forcible entry into lands, tenements, or other possessions, and with a strong hand detain the same as against those who, having a lawful and peaceable entry into lands and tenements, unlawfully and by force hold the same, and to cause restitution to be made.

Vermont Stat.
vol. 1. p. 216.

· The third section details the process, and provides, that " if the Jury, after a full hearing, find the person against whom the complaint is made, guilty of the forcible entry and detainer complained of, they shall all sign their verdict ; and the said Justices shall enter up judgment for the complainant to have restitution of the premises, and shall impose such fine, not exceeding ten dollars, as they, considering all the circumstances, may think just, and shall tax costs for the complainant, and may commit the person against whom judgment is so made, until the fine be paid.

Ib. 217, 218.

The sixth section enacts, " That when any person shall wilfully and without force hold over any lands, tenements, or other possessions, after the determination of the time for which they are demised or let to him, or to the person under whom he claims, or when any person wrongfully and without force by disseisin shall obtain and continue in possession of any lands, tenements, or other possessions, and after demand made in writing for the delivery of the possession thereof by the person having the legal right of such possession, his agent or attorney, shall refuse or neglect to quit such possession, upon complaint thereof in writing to two Justices of the Peace, one of which shall be a Judge of the County Court, the said Justices shall proceed to hear, try, and determine the

6 .

same in like manner as in cases of forcible entry and detainer, and issue a writ of restitution accordingly.

" Provided always, that in such case the original process shall be a summons, and the Justices shall have no power to assess a fine on the person complained of."

The complaint in question is brought upon the second section, and by the third section the Freehold Court may impose a fine, and may commit the person amerced until the fine is paid. Here is a *crime* contemplated by the statute, and a *fine* annexed.

But it is objected, that this complaint is not for a *crime*, because the process was by *summons*. We conceive this to have been a mere mistake in the magistrates issuing the process, and that it cannot effect the essential qualities of the complaint. If complaint is preferred for a murder or other felony to a Justice of the Peace, would it become a complaint for a mere civil injury, because the magistrate had issued a summons for the appearance of the person charged.

It is further objected, that the complainant has not prayed for the punishment of the defendant. The complainant knew this would be the consequence of final conviction, but he was not obliged to pray for it. All he was to seek was restitution of his land; and the Justices, upon conviction, were *ex officiis* to impose a fine.

When we consider the intent of the act, which renders a minute necessary to be made upon the exhibition of a complaint, shall we not find it equally applicable to the complaint in question? The first proviso in the act against forcible entry and detainer contains a limitation. Provided always, that nothing *Vermont* Stat. vol. 1. p. 217.

Hall
v.
Brown.

in the foregoing part of this act shall be construed to extend to any person or persons who have had the quiet, peaceable, and uninterrupted occupation of any lands, tenements, or other possessions, for the space of three whole years next before the entering such complaint. Here it appears necessary that the time of the exhibition of the complaint should be precisely ascertained. Is it not therefore as necessary, that the time of preferring the complaint should be ascertained and placed beyond controversy by the minute of the magistrate, in order to compute correctly the three whole years next before the entering such complaint, as it is to ascertain by such minute the precise time of presenting an indictment to this Court for theft, robbery, burglary, or forgery, which are confessedly and expressly within the purview of the fifth section of the statute of limitations.

We therefore consider, that this complaint having no such minute entered upon it is *void*, as declared by the statute, and therefore the whole process is void, and must be dismissed; for *debile fundamentum, fallit opus.*

## Opinion of the Court.

Vide *ante*, vol.
1. p. 345.

The subject having been before the Court at the late term in *Chittenden* County, in the case of *Ira Allen, administrator of Ethan Allen*, v. *Gideon and Jonathan Ormsby*, it was at first concluded by the Court, and suggested to the parties, that the decision in that cause had settled the construction of the fifth section of the statute of limitations, as applicable to the act to prevent forcible entry and detainer; but as that decision, by recurrence to our minutes, is found

to apply particularly to complaints brought upon the
sixth section of this act, the Court were inclined to
a further discussion.

In the present case, the Court consider the fifth
section of the statute of limitations, which renders a
minute by the magistrate necessary on the exhibi-
tion of a complaint in certain cases, to apply to com-
plaints exhibited to the Justices of a Freehold Court
against those " who make unlawful and forcible
entry into lands, tenements, and other possessions,
and with a strong hand detain the same," and
" against those who, having a lawful and peaceable
entry into lands and tenements, unlawfully and by
force hold the same."

That the magistrate's power to impose a fine upon
conviction, stamps the acts of forcible entry or forci-
ble detainer as criminal; and therefore they are in-
cluded in the purview of the *preceding* third section
of this statute.

And the only question in this case is, was the pre-
sent complaint brought upon the *second* or the *sixth*
section of the act to prevent forcible entry and de-
tainer.

The Court consider the complaint to have been
brought upon the second section, and that the ma-
gistrate's issuing process by summons cannot alter
its inherent and essential qualities.

Let judgment be therefore entered, that the com-
plaint be quashed.

Complaint quashed.

*Chauncey Langdon*, for complainant.
*David Fay*, for defendant.